UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL L. SPRIGGS

VERSUS                                                           CIVIL ACTION NO._____

HANCOCK HOLDING COMPANY SEVERANCE
PAY PLAN, HANCOCK HOLDING COMPANY,
HANCOCK WHITNEY CORPORATION,
THE COMPENSATION COMMITTEE OF HANCOCK
HOLDING COMPANY'S (HANCOCK WHITNEY
 CORPORATION'S) BOARD OF DIRECTORS, and
THE HUMAN RESOURCES DEPARTMENT
 OF HANCOCK HOLDING COMPANY/HANCOCK
 WHITNEY CORPORATION

## COMPLAINT

1.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1331, as this is a civil action arising under the laws of the United States, particularly the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and pursuant to 29 U.S.C. §1132(e)(1), which provides for federal jurisdiction of actions brought under Title I of ERISA. This is a claim under 29 U.S.C. §1132 for wrongful denial of benefits.

2.  Venue is appropriate in this district under 28 U.S.C. §1391, as the defendants are doing business here and defendants are subject to the court's personal jurisdiction with respect to the civil action in question, and a substantial part of the events or omissions giving rise to the claim occurred in this district, and pursuant to 29 U.S.C. §1132(e)(2), because some or all of the violations of ERISA occurred in this District.

3.  Plaintiff, Michael L. Spriggs, is an individual of the full age of majority residing and domiciled in this district.

4. Defendant Hancock Holding Company Severance Pay Plan is an unfunded ERISA welfare benefit plan funded by the general assets of Hancock Holding Company and its affiliates, which include Harrison Finance Company. The Plan is a proper defendant under 29 U.S.C. §1132(d).

5. Mr. Spriggs' employer was defendant Hancock Holding Company, a bank holding company headquartered in Gulfport, Mississippi. Effective May 25, 2018, Hancock Holding Company changed its name to "Hancock Whitney Corporation," which is also named as a defendant, because the employer pays the claims and benefits under the Plan.

6. The Plan Administrator is defendant The Compensation Committee of the Hancock Holding Company/Hancock Whitney Corporation Board of Directors. It is believed the Plan Administrator receives, processes, and investigates claims for benefits, and makes decisions about payment of claims for benefits.

7. The Summary Plan Description states that the Plan Administrator has delegated certain of its duties to the Company's Human Resources Department, which is named a defendant because the Human Resources Department is assigned the duty and responsibility to determine Mr. Spriggs' position at the time of his termination, whether he was an eligible Associate, and the amount of his benefit.

8. Mr. Spriggs was an employee of Harrison Finance Company. Hancock Holding Company's banking subsidiary, Whitney Bank, sold Harrison Finance Company to First Tower Finance Company, LLC.

9. First Tower Finance Company, LLC, adopted the Hancock Holding Company Severance Pay Plan for Harrison Finance Company employees who became employees of First Tower

Finance Company, LLC, for the first year following the transaction.

10. Exhibit A to the Summary Plan Description provides the name of the Plan, the name and address of the Company, the employer identification number, the identification of affiliates (including Harrison Finance Company), the Plan Identification Number, the Type of Plan, the Plan Administrator, the Agent for Service of Legal Process, the Plan Year, and other information relating to Mr. Spriggs' ERISA rights. Under the section entitled, "Enforce Your Rights," the Summary Plan Description states, "If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court."

11. Mr. Spriggs' employment was terminated without cause on June 5, 2018. Under the terms of the Plan, Mr. Spriggs is entitled to 50 weeks of cash severance benefits.

12. Mr. Spriggs has been denied these benefits and he was told he was involuntarily terminated for Cause. In fact, there was no cause for the involuntary termination of Mr. Spriggs' employment, or any other reason preventing his right to receive benefits under the Plan. Specifically, Mr. Spriggs was fired in violation of the employee protection provision of the Consumer Financial Protection Act of 2010, codified at 29 C.F.R. part 1985 and in violation of La. R.S. 23:967, as Mr. Spriggs was fired in reprisal and retaliation for reporting violations of state and federal law to agencies and to his managers, and for refusing to participate in acts that Mr. Spriggs reasonably believed to be violations of state and federal laws.

13. Mr. Spriggs has personally and through undersigned counsel made a claim for benefits under the Plan to the Plan Administrator and appealed the denial of his claim. The Plan Administrator continues to deny his claim for benefits.

14. 29 U.S.C. §1132(a)(1)(B) permits a plan participant or beneficiary to bring a civil action to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

15. 29 U.S.C. §1132(g) authorizes the court in its discretion to allow a reasonable attorney's fee and costs to Mr. Spriggs.

WHEREFORE, plaintiff, Mr. Spriggs, prays that judgment be entered against Defendants on his claim for wrongful denial of benefits under the Plan and that the Court award him declaratory and injunctive relief as necessary and appropriate, including enjoining defendants from further violating the duties, responsibilities, and obligations imposed on them by ERISA with respect to the Plan, and award plaintiff all relief under 29 U.S.C. §1132, or any other applicable law, that the Court deems proper and such appropriate equitable relief as the court may order, including damages or other remedies, including an award to plaintiff of attorneys' fees and expenses as provided by 29 U.S.C. §1132(g), together with pre-judgment and post-judgment interest.

Respectfully submitted:

s/Scott D. Wilson
Scott D. Wilson (19835)
SCOTT D. WILSON A P.L.C.
533 Europe Street
Baton Rouge, LA 70802
Ph. 225-388-9788
Fax 225-344-1200
sdwilsonlaw@aol.com
Attorney for Plaintiff