UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL L. SPRIGGS                                                    CIVIL ACTION

VERSUS                                                                18-729-SDD-RLB

HANCOCK HOLDING COMPANY
SEVERANCE PAY PLAN, ET AL.

## RULING

This matter is before the Court on the *Motion for Partial Summary Judgment*[1] by Harrison Finance LLC Severance Pay Plan (the "Harrison Severance Plan"), Tower Loan of Mississippi, LLC ("Tower"), and the Director of Human Resources of Tower Loan of Mississippi, LLC ("Director of Tower Loan HR") (collectively, the "Harrison Defendants"). Plaintiff Michael L. Spriggs ("Spriggs") has filed an *Opposition*[2] to this motion to which the Harrison Defendants have filed a *Reply*.[3] Additionally, Spriggs has filed a *Surreply*.[4] For the following reasons, the Court finds that the Harrison Defendants' *Motion*[5] should be GRANTED.

## I.  FACTS

On March 9, 2018, Harrison Finance Company was acquired by First Tower Finance Company, LLC ("First Tower") from Whitney Bank, a subsidiary of Hancock

---

[1] Rec. Doc. 25.
[2] Rec. Doc. 26.
[3] Rec. Doc. 31.
[4] Rec. Doc. 32.
[5] Rec. Doc. 25.
58490

Holding Company ("Hancock"), and was renamed Harrison Finance LLC ("Harrison").[6] Spriggs became an employee of Tower Loan of Mississippi, LLC ("Tower") on March 9, 2018, the date of the acquisition.[7] As a part of the acquisition, Harrison was required to establish its own severance plan (the "Harrison Plan"), which provided benefits similar to the plan that was provided to Harrison employees prior to the acquisition (the "Hancock Plan").[8]

Spriggs' employment by Tower was terminated on June 5, 2018; it is disputed whether Spriggs was fired for cause and poor performance.[9] Spriggs sought information regarding severance pay from Lynne Card ("Card"), the Director of Human Resources for Tower,[10] on June 5, 2018 via email.[11] On June 8, 2018, Card informed Spriggs via email that his claim was denied, explaining that Spriggs was ineligible for severance pay because he was terminated for cause.[12] However, in an attachment to her email, Card provided Spriggs with a copy of the Hancock Plan rather than the newly-established Harrison Plan.[13] Spriggs filed a lawsuit against Hancock, *et al*, on July 31, 2018, seeking to recover his severance benefits.[14]

Later, on October 1, 2018, a copy of the Harrison Plan was sent to Spriggs.[15]

---

[6] Rec. Doc. 25-1 ¶1 (citing Rec. Doc. 25-3 ¶2). Although Spriggs disputes whether affiant Lynne Card has personal knowledge of this information, Rec. Doc. 26-1 ¶1, Card's affidavit is duly sworn and notarized, Rec. Doc. 25-3 p. 5, and Card states that she has personal knowledge of the information contained in the affidavit, Rec. Doc. 25-3 ¶1, which is sufficient for this information to be considered on summary judgment review.
[7] Rec. Doc. 25-1 ¶2; Rec. Doc. 26-1 ¶2. Tower is a subsidiary of First Tower. *See* Rec. Docs. 36, 37.
[8] Rec. Doc. 25-1 ¶3; Rec. Doc. 26-1 ¶3.
[9] Rec. Doc. 25-1 ¶4; Rec. Doc. 26-1 ¶4.
[10] Rec. Doc. 25-3 ¶1.
[11] Rec. Doc. 25-6 p. 3.
[12] Rec. Doc. 25-6 p. 1.
[13] Rec. Doc. 25-1 ¶4 (citing Rec. Doc. 25-3 ¶10); Rec. Doc. 26-1 ¶ 4. *See* Rec. Doc. 25-6 p.1.
[14] *See* Rec. Doc. 1.
[15] Rec. Doc. 25-1 ¶5 (citing Rec. Doc. 25-3 ¶11); Rec. Doc. 26-1 ¶5.
58490

Spriggs made a claim for severance benefits under the Harrison Plan via email[16] on October 9, 2018.[17] In that email, Spriggs also sought to appeal the denial of his previous severance benefits claim under the Hancock Plan.[18] Meanwhile, on October 24, 2018, with leave of Court, Spriggs amended his complaint to join as defendants Harrison, Tower, and Tower's Director of Human Resources.[19] Hancock, *et al*, were voluntarily dismissed from the suit on November 6, 2018.[20] On November 7, 2018, Card denied Spriggs' claim for severance benefits under the Harrison Plan.[21]

The Harrison Defendants now move for summary judgment on Spriggs' Employee Retirement Income Security Act (ERISA) claim. Spriggs opposes the *Motion*. To support its *Motion*, the Harrison Defendants offer the affidavit of Card, as well as copies of the Harrison Plan, emails between various Tower employees, and the Tower Code of Business Conduct and Ethics.[22] Spriggs responds by providing affidavits from himself, Card, Susan Lang, and Joseph "Jody" Macon, in addition to transcript excerpts from depositions of himself and Card and email records.[23] It is undisputed that Tower, through Card, its Director of Human Resources, is the Plan Administrator.[24]

## II. LAW AND ANALYSIS

### A. Rule 56

In reviewing a party's Motion for Summary Judgment, the Court will grant the

---

[16] Rec. Doc. 25-5 p. 1.
[17] Rec. Doc. 25-1 ¶9. Spriggs argues that his claim for severance benefits was first made under the Hancock Plan in his June 5, 2018 email. Rec. Doc. 26-1 ¶9.
[18] Rec. Doc. 25-5 p. 1; Rec. Doc. 26-1 ¶10.
[19] *See* Rec. Docs. 19, 20, 22.
[20] Rec. Docs. 21, 23.
[21] Rec. Doc. 25-1 ¶12; Rec. Doc. 26-1 ¶12; Rec. Doc. 25-5 p. 3-4.
[22] *See* Rec. Docs. 25-3, 25-4, 25-5, 25-6.
[23] *See* Rec. Docs. 26-2, 26-3, 26-4, 26-5, 26-6.
[24] Rec. Doc. 25-1 ¶12; Rec. Doc. 26-1 ¶12. *See also* Rec. Doc. 25-3 ¶1.
58490

Motion if (1) there is no genuine issue of material fact, and (2) the mover is entitled to judgment as a matter of law.[25] This determination is made "in the light most favorable to the opposing party."[26] The Court cannot engage in weighing the evidence or determining credibility, as those functions belong to a jury rather than the Court; thus, "[the Court] must disregard all evidence favorable to the moving party that the jury is not required to believe."[27] Normally, a party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case,"[28] and if the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[29] However, when summary judgment is analyzed in an ERISA case, and the movant is the plan administrator, the burden of proof lies with the plan participant.[30] The plan participant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[31]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a

---

[25] FED. R. CIV. PROC. 56(a).
[26] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); 6 V. MOORE, FEDERAL PRACTICE 56.15(3) (2d ed. 1966)).
[27] *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135, 120 S.Ct. 2097, 2102, 147 L.Ed.2d 105 (2000).
[28] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552.
[29] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[30] *Dowden v. Blue Cross & Blue Shield of Tex., Inc.*, 126 F.3d 641, 644 (5th Cir. 1997).
[31] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
58490

reasonable jury could return a verdict for the nonmoving party.'"[32] All reasonable factual inferences are drawn in favor of the nonmoving party.[33] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[34] "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the Plaintiffs [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'"[35]

**B. ERISA**

It is undisputed that the Harrison Plan is covered by ERISA.[36] At issue is whether Spriggs exhausted his administrative remedies and whether the Plan Administrator abused her discretion in denying Spriggs' claim for severance benefits. The Court need not reach the second question because Spriggs failed to exhaust all available administrative remedies.

    1.    <u>Reasonable Claims Procedure Requirement</u>

ERISA plan claimants must exhaust all available alternative remedies prior to litigating the dispute in federal court.[37] Spriggs argues that, by providing him with different plans with "confusing and misleading claims procedures," Tower has failed to establish a

---

[32] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[33] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[34] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[35] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[36] Rec. Doc. 25-2 p. 6. *See also* Rec. Doc. 25-4 p. 1 ¶1.
[37] *Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corp.*, 215 F.3d 475, 479 (5th Cir. 2000); *Denton v. First Nat'l Bank*, 765 F.2d 1295, 1297 (5th Cir. 1985).
58490

reasonable claims procedure, thereby removing the administrative exhaustion requirement.[38] ERISA regulations regarding claims procedures provides the following:

> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, *a claimant shall be deemed to have exhausted the administrative remedies available under the plan* and shall be entitled to pursue any available remedies under section 502(a) of [ERISA] on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.[39]

In interpreting the requirements set forth by ERISA, the Fifth Circuit utilizes a "substantial compliance" test to determine whether a plan administrator has complied with ERISA.[40] Under this test, the Court "considers all communications between an administrator and plan participant to determine whether the information provided was sufficient under the circumstances."[41] This inquiry is a question of law that is reviewable by the Court on summary judgment.[42] While total, strict compliance with all ERISA provisions is not required, the purpose of § 1133 must be fulfilled by the claims procedure:[43]

> In accordance with regulations of the Secretary, every employee benefit plan shall--
>
> (1) Provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the

---

[38] Rec. Doc. 26 p. 1.
[39] 29 C.F.R. § 2560.503-1(l)(1) (emphasis added).
[40] *Baptist Memorial Hospital-DeSoto Inc. v. Crain Auto.*, 392 Fed.Appx. 288, 293 (5th Cir. 2010) (citing *Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 256-57 (5th Cir. 2005)).
[41] *Id.* at 293 (quoting *Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 433, 539 (5th Cir. 2007)).
[42] *Wade*, 493 F.3d at 539.
[43] *Crain*, 392 Fed.Appx. at 293; *see Robinson v. Aetna Life Ins.*, 443 F.3d 389, 393 (5th Cir. 2006).
58490

specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) Afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.[44]

Essentially, § 1133 seeks to ensure that the claimant is given "an explanation of the denial of benefits that is adequate to ensure meaningful review of that denial."[45]

Spriggs directs the Court to § 2560.503-1(h) as the relevant claims procedure regulation, which contains a set of requirements regarding appeals of adverse benefit determinations:[46]

(h) (1) In general. Every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination.

(2) Full and fair review. . . . [T]he claims procedures of a plan will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless the claims procedures—

(i) Provide claimants at least 60 days following receipt of a notification of an adverse benefit determination within which to appeal the determination;

(ii) Provide claimants the opportunity to submit written comments, documents, records, and other information relating to the claim for benefits;

---

[44] 29 U.S.C. § 1133.
[45] *Wade*, 493 F.3d at 539.
[46] Rec. Doc. 26 p. 2.
58490

> (iii) Provide that a claimant shall be provided upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. . . . ;
>
> (iv) Provide for a review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination.[47]

Each of these requirements is met by the Harrison Plan, which provides as follows:

> . . . If your claim is denied, in whole or in part, the response will include the reasons why your claim is denied, and it will identify the Plan provisions and employment records upon which the denial is based. You can appeal a denial by writing to the Plan Administrator not later than 60 days after the denial. Your appeal should explain why you believe the denial is incorrect and it should include any information or documents you believe support your position. Before you submit your appeal, you can request copies of any documents in the possession of your Employer that are relevant to the determination of your benefit, such as your salary history or a copy of the Plan.
>
> The Plan Administrator will review your appeal and provide you with written notice of its disposition not later than 60 days after it is received.[48]

Moreover, the Harrison Plan and the Hancock Plan are identical in their appeals procedures.[49] It makes no difference for administrative exhaustion purposes that Spriggs was originally provided with the Hancock Plan rather than the Harrison Plan. The appeals

---

[47] 29 C.F.R. § 2560.503-1(h).
[48] Rec. Doc. 25-4 p. 5-6.
[49] Rec. Doc. 25-6 p. 7-8.
58490

procedures in both the Harrison Plan and the Hancock Plan meet the requirements of § 2560.503-1(h) and satisfy the purpose of § 1133; the appeals procedures in both plans provide a full and fair review and a reasonable opportunity for appeal of a denial of benefits. The Court finds that Tower's claims procedure substantially complies with ERISA regulations, and the administrative exhaustion requirement applies to Spriggs.

        2.      <u>Exhaustion of Administrative Remedies</u>

Courts have uniformly required claimants to exhaust all available administrative remedies prior to filing a lawsuit in federal court for denial of benefits under an ERISA plan.[50] "The policies underlying the exhaustion requirement are to: (1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) provide a sufficiently clear record of administrative action if litigation should ensue; and (3) assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not de novo."[51] When a plaintiff has failed to exhaust all administrative remedies, dismissal of the plaintiff's claims arising under ERISA is appropriate.[52] This is a legal question that is resolvable by the Court at the summary judgment stage.

The timeline of the present case is convoluted by Spriggs' receipt of the wrong severance plan, the Hancock Plan, after his initial inquiry into severance benefits. Nonetheless, the question presented by ERISA's exhaustion requirement stands clear of

---

[50] *Bourgeois*, 215 F.3d at 479; *Denton*, 765 F.2d at 1297.
[51] *Denton*, 765 F.2d at 1300.
[52] *See Swenson v. Eldorado Casino Shreveport Joint Venture*, 201 WL 1334307 at *5 (W.D.La. 2017), *aff'd*, *Swenson v. United of Omaha Life Insurance Company*, 876 F.3d 809 (5th Cir. 2017); *Memorial Hermann Health System v. Southwest LTC, Limited Employee Benefits Plan*, 683 Fed.Appx. 274, 275 (5th Cir. 2017); *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 33 (5th Cir. 1993).

58490

the clutter: at the time of filing suit, had Spriggs exhausted all administrative remedies available to him? The uncontroverted record evidence demonstrates that he had not under either the Hancock Plan or the Harrison Plan.

Spriggs was denied severance benefits on June 8, 2018, but it is not clear whether that decision was made under the inapplicable Hancock Plan or the Harrison Plan.[53] Regardless, Spriggs did not appeal that decision prior to filing suit on July 31, 2018. Spriggs' argument that the appeal process was permissive rather than mandatory has been rejected by the Fifth Circuit: "[P]rior to bringing suit in federal court, a plaintiff must exhaust the administrative remedy available under an ERISA plan, even if that remedy is phrased in permissive terms."[54]

Finally, the administrative exhaustion requirement has not been mooted by an appeal decision rendered after Spriggs filed suit.[55] Spriggs filed a claim on October 9, 2018 under the Harrison Plan; he received an adverse benefit determination on November 7, 2018. The Harrison Defendants offer the affidavit of Card to support their assertion that Spriggs has not appealed the denial under the Harrison Plan.[56] Spriggs failed to respond to or controvert this evidence, and thus, he has failed to show that summary judgment is not proper.[57] Further, the Harrison Plan contains a 60-day deadline for filing of appeals which has long since passed.[58] Even considering Spriggs' appeal of the Hancock Plan on October 9, 2018, that adverse determination was made on June 8,

---

[53] *See* Rec. Doc. 25-6 p. 1.
[54] *Long v. Aetna Life Ins. Co.*, 2014 WL 4072026 (E.D.La. 2014) (quoting *Clancy v. Emp'rs Health Ins. Co.*, 82 F.Supp.2d 589, 599 (E.D.La. 1999)). *See also Denton*, 248 F.3d 1142 (5th Cir. 2001).
[55] *See Whitley v. Dr. Pepper Snapple Group, Inc.*, 2017 WL 4155257 at *4 (E.D.Tex. 2017).
[56] Rec. Doc. 25-3 ¶15.
[57] *See Celotex*, 477 U.S. at 323-24.
[58] Rec. Doc. 25-4 p. 5 ("You can appeal a denial by writing to the Plan Administrator not later than 60 days after the denial.").
58490

2018, more than 60 days prior to Spriggs' appeal.[59] The Hancock Plan appeal is therefore outside of the deadline established by the terms of the Hancock Plan.[60] Under any scenario, and under either plan, Spriggs failed to timely appeal his denial of severance benefits. Moreover, Spriggs filed suit prior to an appeal, and Fifth Circuit precedent clearly provides that claimants cannot file suit before commencing administrative remedies, as doing so would be "act[ing] in precisely the manner the exhaustion requirement was designed to avoid."[61]

Based on the above reasons, the Court finds that Spriggs' ERISA claim is unripe for adjudication because Spriggs did not exhaust all available administrative remedies.

### 3. Effect of the Arbitration Clause

Both the Hancock Plan and the Harrison Plan contain an arbitration clause:

> In the event of any dispute or controversy arising out of or relating to this Plan . . . between or among you and the Company, the Employer, the Plan, or any party associated with the Plan, such dispute or controversy must first be pursued through the Plan's claims procedures to the extent applicable. Once those procedures have been exhausted or if they are inapplicable, any remaining dispute or controversy must be resolved by binding arbitration, not in court.[62]

Rather than seek to enforce the arbitration clause, Spriggs merely references the clause in arguing that it is evidence that Tower did not establish a reasonable claims procedure;[63]

---

[59] Rec. Doc. 25-3 ¶10; Rec. Doc. 25-1 ¶9; Rec. Doc. 26-1 ¶9.
[60] Rec. Doc. 25-6 p. 7 ("You can appeal a denial by writing to the Plan Administrator not later than 60 days after the denial.").
[61] *Galvan v. SBC Pension Benefit Plan*, 204 Fed.Appx. 335, 338 (5th Cir. 2006). *See also Medina*, 983 F.2d at 33; *Simmons v. Willcox*, 911 F.2d 1077, 1081 (5th Cir. 1990); *Meza v. General Battery Corp.*, 908 F.2d 1262, 1279 (5th Cir. 1990).
[62] Rec. Doc. 25-4 p. 6; Rec. Doc. 25-6 p. 8.
[63] Rec. Doc. 26 p. 1.

in their *Reply*, the Harrison Defendants correctly point out that exhaustion through claims procedures is required prior to submission for arbitration.[64] The Harrison Defendants also admit that arbitration may be mandatory under the terms of the Harrison Plan, yet they do not seek to enforce the clause in the present *Motion*.[65]

The Court does not reach the issue of whether arbitration is mandatory. First, submission to arbitration requires the claimant to have already exhausted all procedures available through the Plan, which Spriggs failed to do by not timely appealing the denial of severance benefits under the terms of both the Hancock Plan and the Harrison Plan.[66] Second, while the Federal Arbitration Act provides courts with the authority to enforce arbitration, it does not include language allowing courts to *sua sponte* compel arbitration, and the Court has found no cases within the Fifth Circuit in which a court compelled arbitration on its own motion.[67] Neither party has moved to compel arbitration here. Thus, the arbitration clause contained in both the Hancock Plan and the Harrison Plan has no effect on the present *Motion* before the Court.

---

[64] Rec. Doc. 31 p. 3.
[65] *Id.*
[66] Rec. Doc. 25-4 p. 6; Rec. Doc. 25-6 p. 8.
[67] *See* 9 U.S.C. § 2. *See also TWTB, Inc. v. Rampick*, 2016 WL 4131081 at *3 (E.D.La. 2016).
58490

### III. CONCLUSION

For the reasons set forth above, the Harrison Defendants' *Motion for Partial Summary Judgment*[68] is **GRANTED**. Plaintiff's ERISA claims against the Harrison Defendants are hereby dismissed with prejudice. All other claims remain pending before the Court.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 22, 2020.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[68] Rec. Doc. 25.
58490